**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

E. I. DUPONT DE NEMOURS AND
COMPANY, INCORPORATED,
Plaintiff-Appellee,

v.                                                                      No. 94-2222

MARTINSVILLE NYLON EMPLOYEES'
COUNCIL CORPORATION,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CA-94-8)

Argued: January 29, 1996

Decided: February 28, 1996

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Wilkins wrote the opinion,
in which Judge Murnaghan and Judge Ervin joined.

_____

**COUNSEL**

**ARGUED:** Jonathan Gans Axelrod, BEINS, AXELROD,
OSBORNE, MOONEY & GREEN, P.C., Washington, D.C., for
Appellant. Donald Lester Creach, HUNTON & WILLIAMS, Rich-
mond, Virginia, for Appellee. **ON BRIEF:** Hill B. Wellford, Jr.,
HUNTON & WILLIAMS, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

WILKINS, Circuit Judge:

Martinsville Nylon Employees' Council Corporation (the Union) appeals a decision by the district court granting a motion by E. I. DuPont de Nemours and Company, Incorporated (DuPont) to vacate an arbitration award entered in favor of the Union. Because we agree with the district court that the question of whether the dispute between DuPont and the Union was arbitrable was one for the court and further agree that the dispute was not subject to arbitration, we affirm.

I.

In 1989, DuPont proposed a Reward and Recognition Program (R & R Program) at its Martinsville plant. Because the collective bargaining agreement[1] between the parties did not provide for the R & R Program, and because the parties were unable to reach an agreement to modify this contract to include the program, DuPont implemented it unilaterally.

The Union subsequently filed a grievance asserting that DuPont was not applying the R & R Program equitably. When grievance proceedings failed to resolve the dispute, the Union sought arbitration under the collective bargaining agreement, which provided for arbitration of "[a]ny question as to the interpretation of this Agreement or as to any alleged violation of any provision of this Agreement." DuPont submitted to arbitration, while contesting that the arbitration

_____

[1] The parties agree that this collective bargaining agreement governed the parties' conduct at the time, and therefore controls the resolution of the present controversy, by virtue of their agreement to extend it on a day-to-day basis following its expiration and during their ongoing negotiations to secure a new collective bargaining agreement.

2

clause required it to arbitrate a dispute concerning the R & R Program.

Although the arbitrator agreed with DuPont that the R & R Program had never been incorporated into the collective bargaining agreement, he concluded that the dispute concerning DuPont's management of the R & R Program nevertheless was arbitrable. The arbitrator reasoned that an implied covenant of good faith and fair dealing in the collective bargaining agreement imposed a duty upon DuPont to deal in good faith with respect to programs it implemented unilaterally. Consequently, the arbitrator ruled that the allegation that DuPont had breached its duty of good faith by administering the program in a discriminatory manner was arbitrable. Proceeding to address the merits of the grievance, the arbitrator ruled against DuPont.

Thereafter, DuPont brought this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185 (West 1978), to vacate the arbitration award entered in favor of the Union, and the Union filed a counterclaim for enforcement. The district court ruled that the arbitrator had exceeded his authority by entering the award and granted DuPont's motion to vacate it. From this final decision, the Union appeals.

II.

The first question we must address is the standard to apply in reviewing the decision of the arbitrator concerning the arbitrability of the dispute. The Union contends that the decision of whether the dispute was arbitrable was one for the arbitrator and, accordingly, that a court should defer to that decision except in a narrow set of circumstances not present here. DuPont, however, argues that the decision is one for the court and, therefore, that no deference should be given to the arbitrator's decision.

"`[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). This principle applies to the merits of a dispute as well as to the question of who

3

should decide whether a dispute is subject to arbitration. <u>First Options of Chicago, Inc. v. Kaplan</u>, 115 S. Ct. 1920, 1923-24 (1995). Accordingly, if the parties have agreed that the arbitrator should resolve questions concerning whether a dispute is arbitrable, courts should grant considerable deference to the arbitrator's decision; but if the parties have not agreed to allow the arbitrator to decide this question, it is one for the court. <u>Id.</u>; <u>see AT&T Technologies</u>, 475 U.S. at 648-49.

In deciding whether the parties have agreed to submit the question of arbitrability to arbitration, a court applies ordinary principles of contract interpretation. <u>See First Options</u>, 115 S. Ct. at 1924. And, when the parties have remained silent concerning who should decide whether an issue must be submitted to arbitration, or when the application of principles of contract interpretation leads to ambiguity concerning whether that issue is one for the arbitrator, a court must assume that the issue is one for the court. <u>Id.</u>  In other words, "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." <u>AT&T Technologies</u>, 475 U.S. at 649; <u>accord First Options</u>, 115 S. Ct. at 1924.

The arbitration clause in the collective bargaining agreement between DuPont and the Union contains no provision clearly and unmistakably agreeing to submit the question of arbitrability to arbitration.**2** Hence, we decide whether DuPont was required to submit the dispute concerning the R & R Program to arbitration without deferring to the decision of the arbitrator.

_____

**2** The Union also claims that because DuPont voluntarily submitted the question of arbitrability to the arbitrator in this instance, instead of requiring the Union to obtain a court order compelling arbitration, it has waived any opposition to the arbitrator deciding whether the dispute was arbitrable. This argument, however, lacks merit. If a party submits to arbitration while asserting that the arbitrator lacks the authority to proceed, as DuPont did here, that party has not waived its argument that arbitration was improper. <u>See First Options</u>, 115 S. Ct. at 1925.

4

III.

Having concluded that the question is one for the court, we turn to consider it.**3** As with the previous question, the `resolution of this issue requires the application of general rules of contract interpretation. See First Options, 115 S. Ct. at 1924. But, unlike the prior question, any doubt concerning the scope of the questions to be arbitrated should be resolved in favor of arbitration. See id.

Again, the arbitration clause in the contract between the parties requires the arbitration of "[a]ny question as to the interpretation of this Agreement or as to any alleged violation of any provision of this Agreement." From this plain language, it is obvious that because no provision of the agreement governed the R & R Program, the arbitration clause did not require arbitration of disputes concerning it. The Union maintains, however, that all collective bargaining agreements contain an implied obligation of good faith and fair dealing and that since its claim is that DuPont violated this provision of the collective bargaining agreement, it is asserting a violation of the agreement that is within the scope of the arbitration clause.

We agree with the district court and reject this argument. Assuming that it were appropriate to interpret the collective bargaining agreement as containing an implied covenant of good faith and fair dealing --a question that we need not decide today--our decision would remain unchanged. Such an implied covenant would only control the conduct of a party in areas governed by the collective bargaining agreement; it would not impose a duty to act in good faith in matters not subject to the agreement. Cf. Cumberland Typographical Union No. 244 v. Times & Alleganian Co., 943 F.2d 401, 406-07 (4th Cir. 1991) (holding similar arbitration clause required submission to arbitration of claim that employer violated implied duty of good faith with respect to a term of the collective bargaining agreement); Restatement (Second) of Contracts § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance . . . ."). Therefore, an alleged violation of an implied covenant of good faith and fair dealing would not render arbitrable

_____

**3** We review de novo the decision of the district court. See First Options, 115 S. Ct. at 1926.

5

matters that were not otherwise subject to arbitration under the agreement.

A contrary conclusion would render nugatory language in the arbitration clause purporting to limit the matters that must be submitted to arbitration. Rather than agreeing to submit all disputes between the parties to arbitration, DuPont and the Union agreed to submit only those controversies alleging a violation of the collective bargaining agreement or requiring an interpretation of that agreement. Construing the agreement in the manner propounded by the Union would effectively negate this limitation, and we will not countenance such an unintended result.

In sum, we conclude that the plain language of the collective bargaining agreement requires the parties to submit to arbitration only allegations of violations of the provisions of the agreement or questions requiring its interpretation. An allegation that DuPont violated an implied covenant of good faith and fair dealing with respect to a matter not governed by the collective bargaining agreement is not encompassed within the unambiguous arbitration clause. Therefore, DuPont was not required to submit the dispute concerning the R & R Program to arbitration.

AFFIRMED

6